IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

                      Plaintiff,

vs.                                       Case No. 20-2363-SAC-JPO

BOARD OF COUNTY COMMISSIONERS
OF DOUGLAS COUNTY, KANSAS, et al.,

                      Defendant.

## O R D E R

Plaintiff, an inmate at the Douglas County jail, initiated this case in the state district court for Douglas County, Kansas. It was removed to this court on July 24, 2020 by defendant Douglas County Board of County Commissioners. The Douglas County Jail and WIBW 13 are also listed as defendants. Plaintiff is proceeding pro se.

The court is mandated by 28 U.S.C. § 1915A to screen plaintiff's petition/complaint. This order shall fulfill that obligation and address the many pending motions in this case.

I. The complaint – Doc. No. 1-1.

The petition/complaint alleges that plaintiff has been prohibited from viewing a television station, WIBW 13, or view WIBW.com. Plaintiff asserts that this "marginalizes poor inmates to have to buy a [n]ewspaper to get the Topeka [n]ews when the

Jail get[s] the [n]ews [f]or [f]ree (i.e., [WIBW] Channel 13)."

He also asserts:

> The Jail's (local [n]ews) television [n]ews ban violates
> WIBW's bus[]iness abiliy to solic[i]t its services to
> inmates. The Jail allows other vendors to sell stuff to
> inmates. The Topeka Capital [J]ournal is a local news
> vendor just like WIBW 13.

Plaintiff seeks damages, declaratory and other relief for what he alleges is a violation of his rights under the First and Fourteenth Amendments. The court construes this as a claim under 42 U.S.C. § 1983.[1]

## II. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

---

[1] Section 1983 provides in part:
> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of
> Columbia, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to
> the deprivation of any rights, privileges, or immunities secured by
> the Constitution and laws, shall be liable to the party injured in
> an action at law, suit in equity, or other proper proceeding for
> redress . . .

Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.  United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court may also consider the exhibits attached to the complaint.  Id.  The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."
Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to
a 'probability requirement,' but it asks for more than a sheer
possibility that a defendant has acted unlawfully." Id.  "Where a
complaint pleads facts that are 'merely consistent with' a
defendant's liability, it 'stops short of the line between
possibility and plausibility of "entitlement to relief."'" Id.
(quoting Twombly, 550 U.S. at 557).

III. The petition/complaint fails to state a claim.

    The law is clear that plaintiff does not have a constitutional
right to view a particular television station.  See, e.g.,
Gutierrez v. Corrections Corp. of America, 559 Fed.Appx. 406, 408
(5th Cir. 2014); Rawls v. Sundquist, 1997 WL 211289 *1 (6th Cir.
4/28/1997); Elliott v. Brooks, 1999 WL 525909 *1 (10th Cir.
7/20/1999); Murphy v. Walker, 51 F.3d 714, 718 n.8 (7th Cir. 1995);
Morphis v. Smith, 2017 WL 1128463 *14 (W.D.Ark. 3/24/2017);
Williamson v. Ray; 2016 WL 706339 *4 (E.D.Tenn. 2/22/2016); Taylor
v. Franklin, 2010 WL 431295 *1 (M.D.Ala. 2/3/2010); Mitchell v.
Caruso, 2007 WL 603399 *7-8 (W.D.Mich. 2/22/2007). Also, plaintiff
does not allege facts plausibly showing that defendants are
purposefully discriminating against plaintiff vis-à-vis similarly
situated persons on the basis of a suspect classification or
without a legitimate penological reason.  Such facts are necessary
to state an equal protection claim.  See Templeman v. Gunter, 16

F.3d 367, 371 (10th Cir. 1994).  It should be noted as well that
the Douglas County Jail is not a suable entity.  See <u>Rohan v.
Saline County Jail</u>, 2019 WL 1922161 *2 (D.Kan. 4/30/2019); <u>Baker
v. Sedgwick County Jail</u>, 2012 WL 5289677 *2 n.3 (D.Kan.
10/24/2012); <u>Howard v. Douglas County Jail</u>, 2009 WL 1504733 *3
(D.Kan. 5/28/2009).  Finally, plaintiff makes no allegations of
wrongdoing by WIBW 13.  In any event, WIBW 13 is not a person
acting under color of state law that may be sued for violating §
1983.

On the basis of this case authority and analysis, the court
finds that plaintiff's petition/complaint fails to state a claim
under § 1983 for a First Amendment or Fourteenth Amendment
violation, and that the Douglas County Jail and WIBW 13 should be
dismissed as defendants.

IV. <u>Motions to amend or supplement</u>

Plaintiff has filed motions to amend his petition/complaint.
Under Fed.R.Civ.P. 15(a) leave to amend shall be given freely, but
may be denied where amendment would be futile.  <u>Jefferson County
School Dist. No. R-1 v. Moody's Investor's Services, Inc.</u>, 175
F.3d 848, 859 (10th Cir. 1999).  A proposed amendment is futile if
the complaint as amended would be subject to dismissal.  <u>Id.</u>  A
court may also deny leave to amend if it appears that the plaintiff
is using the motion to amend to make the complaint "a moving

target". <u>Minter v. Prime Equipment Co.</u>, 451 F.3d 1196, 1206 (10th Cir. 2006).

In Doc. No. 27 and Doc. No. 33, plaintiff seeks to amend the complaint by adding Gary Bunting, Douglas County Undersheriff, as a defendant. Doc. No. 27 states that Bunting "is clearly over the policy and training." Doc. No. 33 simply states that Bunting is "responsible" for the violation of plaintiff's rights. These conclusory allegations do not plausibly state a claim against Bunting and do not cure the defects in plaintiff's original petition/complaint. For these reasons, the motion to add (Doc. No. 27) and the motion to alter and amend petition (Doc. No. 33) shall be denied as futile.

In Doc. No. 32, plaintiff seeks to supplement the original petition/complaint with four counts. These four counts allege: denial of access to courts; denial of due process; denial of equal protection; and failure to train and failure to protect mentally ill inmates. This motion shall be denied for the following reasons.

First, a motion to supplement under Fed.R.Civ.P. 15(d) allows a supplemental pleading which sets out transactions or events that happened after the date of the pleading to be supplemented. From the court's reading of Doc. No. 32, plaintiff is referring to events which occurred prior to the March 18, 2020 filing of the

petition/complaint in state court and prior to the July 24, 2020 removal to this court.

Second, plaintiff does not allege a viable access to the courts claim because he does not allege facts showing an actual injury or an imminent actual injury from the loss or frustration of a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 351-53 (1996). Third, plaintiff does not allege a viable due process claim because there is no due process right to a county jail grievance system. Von Hallcy v. Clements, 519 Fed.Appx. 521, 523-24 (10th Cir. 2013); Boyd v. Werholtz, 443 Fed.Appx. 331, 332 (10th Cir. 2011); see also Camp v. Richardson, 2014 WL 958741 *1 n.8 (D.Kan. 3/11/2014)(cannot sue for constitutional violations based on decisions on administrative grievances subsequent to alleged constitutional violations or for failure to follow prison regulations). Fourth, plaintiff does not allege facts showing that a defendant treated similarly situated persons differently as necessary to allege an equal protection claim. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Better treatment of inmates in different counties does not amount to an equal protection violation by Douglas County authorities.

Finally, plaintiff's conclusory claims of failure to train and failure to protect do not state a plausible claim against the defendant Board of County Commissioners. Plaintiff alleges that an angry jail officer solicited an assault against plaintiff and

voiced a threat against plaintiff.[2]  This does not describe any involvement via a failure to train or otherwise by the defendant Board of County Commissioners.  See Glaser v. City and County of Denver, 557 Fed.Appx. 689, 702 (10th Cir. 2014)(rejecting conclusory training claims).  To state a claim against the Board of County Commissioners, plaintiff must include allegations showing that a custom or policy of the county caused plaintiff injury.  Soto for Estate of Jimenez v. Board of County Commissioners, 748 Fed.Appx. 790, 794 (10th Cir. 2018).  Plaintiff fails to do this regarding the alleged threatened assault.  In summary, the motion to supplement is denied as futile.

In Doc. No. 48, plaintiff seeks to add a claim against the Sheriff of Douglas County; C. Roberson, a jail officer; and "Officer Reiling."  Plaintiff claims that Roberson acted recklessly and negligently by not stopping a fight in which plaintiff was injured.  There are no specific allegations against the Sheriff of Douglas County or "Officer Reiling."  There are also no allegations against the Board of County Commissioners or other defendants named in the original petition/complaint.

Under Fed.R.Civ.P. 20(a)(2), a person may be joined with other defendants in an action if any right to relief is asserted against them jointly or arising out of the same transaction, occurrence or

---

[2] Plaintiff does not allege that he actually was assaulted.

series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the action. The claim described on a form complaint attached to Doc. No. 48 at Doc. No. 48-1, does not meet the criteria of Rule 20(a)(2). Furthermore, if granted, the motion to amend at Doc. No. 48 would have the impact of making the petition/complaint a "moving target." For these reasons, the motion to add a claim shall be denied.

In Doc. No. 57, plaintiff presents what is labelled as an amended petition. In the caption of the amended petition, the Douglas County Sheriff is listed as a defendant. The Board of County Commissioners may also be listed as a defendant (the amended petition is somewhat unclear). Plaintiff identifies other persons in the document, but does not plausibly allege that they participated in a violation of plaintiff's civil rights. Moreover, plaintiff's allegations, which concern the denial of access to free WIBW television and a request for a new grievance system, fail to state a claim for relief for reasons already explained in this order. Therefore, Doc. No. 57, treated as a motion to amend, shall be denied.

In Doc. No. 72, plaintiff reiterates his requests to amend the petition/complaint with the proposed amendments described in Doc. Nos. 32, 33, 27, and 57. The court has already explained why these amendments are futile. Plaintiff also refers to Doc. No. 28 which is a jury trial demand and Doc. No. 34 which is a notice of

summons and not an amendment to the petition/complaint.  The court

shall treat Doc. No. 28 as a motion for a jury trial under

Fed.R.Civ.P. 39(b).  The court shall permit a jury trial upon any

issue which is triable to a jury.  See <u>Green Const. Co. v. Kansas</u>

<u>Power & Light Co.</u>, 1 F.3d 1005, 1011 (10th Cir. 1993)(requests for

jury trial should be granted in the absence of strong and

compelling reasons to the contrary).  However, for the above-

stated reasons, and because plaintiff has not followed the

procedures in Local Rule 15.1 for presenting a motion to amend,[3]

the request to amend in Doc. No. 72 shall be denied.

## V. <u>Motions for injunctive relief</u>

Plaintiff has filed several motions for injunctive relief:

Doc. No. 4-2 seeks a change in the Douglas County Jail's
grievance rules and legal mail policies (see also, Doc.
Nos. 70 and 97);

Doc. No. 12 and Doc. No. 71 ask the court to order the
Douglas County District Court to create a website for
its filings;

Doc. No. 52, as supplemented by Doc. Nos. 69 and 81,
seeks an order that plaintiff not be transferred, that
he be given an OR bond, and that medical grievance
procedures be changed;

Doc. No. 53-1, as supplemented in Doc. Nos. 68 and 89,
asks for court-ordered medical treatment for opiate use
disorder;

Doc. No. 54, as supplemented in Doc. Nos. 85 and 95,
seeks a restraining order directing that donations of

---

[3] Local Rule 15.1(a)(2) requires that a proposed amended complaint be attached
to a motion to amend.  Plaintiff has not done this.

used media such as newspapers be permitted – "a new lawsuit in itself" – Doc. No. 54 at p. 1;

Doc. No. 90 asks for an order directing that the Douglas County Jail digitally save any and all requests and grievances and that the Jail have proof of protocols.

These motions for injunctive relief shall be denied. A motion for injunctive relief under Fed.R.Civ.P. 65 seeks drastic and extraordinary relief for which the movant must demonstrate clear entitlement. Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009); Oltremari v. Kan. Social & Rehabilitative Serv., 871 F.Supp. 1331, 1344 (D.Kan. 1994). A movant must show: (1) irreparable injury absent injunctive relief; (2) the threatened injury outweighs the harm the proposed injunction may cause the opposing parties; (3) the injunction would not be adverse to the public interest; and (4) a substantial likelihood of prevailing on the merits. Heideman v. S. Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003). Notably, a motion for injunctive relief may not be used to obtain relief which is unrelated to the conduct described in the petition/complaint. See Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010); Hicks v. Jones, 332 Fed. Appx. 505, 507–08 (10th Cir.2009); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994) (per curiam); Beddow v. Federal Bureau of Prisons Captain Jay Rhodes, 2018 WL 6529263 *2 (D.Kan. 12/12/2018).

To repeat, plaintiff's petition/complaint alleges that his rights have been violated because he does not have access to a local television channel.  This alleged misconduct by the Jail is unrelated to plaintiff's requests for injunctive relief regarding grievance procedures, medical care, legal mail, court websites, newspaper donations, prisoner transfers, release on bond, and digital catalogs of jail requests and grievances.  Also, the court does not have jurisdiction over the District Court of Douglas County, Kansas, which is not a named defendant in this case.

Furthermore, plaintiff has not plausibly alleged facts demonstrating a probability of success on the merits.  In general, the decisions of prison administrators are entitled to deference by the courts.  As the Tenth Circuit stated in Doe v. Heil, 533 Fed.Appx. 831, 843-44 (10th Cir. 2013):

> prison officials must be accorded considerable deference in establishing policies for the operation of their correctional institutions in furtherance of legitimate objectives, such as public safety and inmate rehabilitation. See Overton v. Bazzetta, 539 U.S. 126, 132, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them."); . . . Hughes v. Rowe, 449 U.S. 5, 20, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) ("This Court has also repeatedly recognized that the judiciary, 'ill-equipped' to deal with 'complex and difficult' problems of running a prison, must accord the decisions of prison officials great deference." (citing Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 126, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977))); Wirsching v. Colorado, 360 F.3d 1191, 1200 (10th

12

> Cir.2004) (noting that plaintiff's "arguments ignore the substantial deference we must accord 'to the professional judgment of prison administrators' " (quoting <u>Overton</u>, 539 U.S. at 132, 123 S.Ct. 2162))…

This is also the case with regard to inmates' access to information. In <u>Turner v. Safley</u>, 482 U.S. 78, 84-85 (1987), which concerned regulations over access to information in inmate-to-inmate correspondence, the Court recognized that "[r]unning a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." Therefore, in assessing the validity of prison regulations, a court should "accord deference to the appropriate prison authorities." <u>Id.</u> at 85. Plaintiff has the obligation to plead facts from which a plausible inference can be drawn that the Douglas County Jail authorities' actions are not related to a legitimate penological interest. <u>Khan v. Barela</u>, 808 Fed.Appx. 602, 607 (10th Cir. 2020)(concerning First Amendment claims among other claims). Plaintiff's conclusory allegations fail in this regard.

More specifically, courts hold that prisoners do not have a constitutional right to remain at a particular prison. <u>Gandy v. Barber</u>, 641 Fed.Appx. 835, 839 (10th Cir. 2016); <u>Montez v. McKinna</u>, 208 F.3d 862, 865-66 (10th Cir. 2000). As

already noted, they do not have a right to a grievance procedure. Nor do they have a constitutional right to free newspapers. See McClure v. Thaler, 2012 WL 2885767 *1 (E.D.Tex. 5/31/2012); Cerniglia v. County of Sacramento, 2008 WL 1787855 *12 (E.D.Cal. 4/18/2008); Hall v. Phillips, 2005 WL 3783651 *7-8 (W.D.Ark. 11/22/2005); Frazier v. Donelon, 381 F.Supp. 911, 919 (E.D.La. 1974). Plaintiff's claim for medical care fails to plausibly describe a policy or an act of deliberate indifference to a serious medical need by a named defendant. And, plaintiff has not alleged irreparable harm because of the legal mail policies.

For these reasons, the motions for injunctive relief are denied.

## VI. Joinder

Plaintiff has asked the court to join with this case other cases filed by plaintiff which have been dismissed and are no longer active. Doc. Nos. 6, 16 and 17, as supplemented by Doc. No. 35. He also has filed an objection to a Magistrate Judge's order (Doc. No. 8) denying the motion for joinder at Doc. No. 6.

Upon an objection to a magistrate judge's order to a non-dispositive matter, the court may modify or set aside any portion of the order which is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); First Union Mortg. Corp.

v. Smith, 229 F.3d 992, 995 (10th Cir. 2000); Fed.R.Civ.P. 72(a).

The Magistrate Judge denied plaintiff's motion for joinder because plaintiff was seeking to join in this case other cases which had been dismissed and closed. This decision was not clearly contrary to law. It appears that plaintiff was seeking to alter judgments in closed cases and to reactivate them by joining them with an active case. But, an order of joinder or consolidation would not accomplish this goal; it would do nothing to alter the judgments in closed cases. The proper vehicle for doing that is a motion under Rule 59 or Rule 60, or filing a timely appeal in the closed cases.

Plaintiff's motion could be interpreted as a motion to consolidate under Fed.R.Civ.P. 42(a). But, plaintiff does not address the factors relevant to a motion to consolidate, i.e., that consolidation would be in the interests of efficiency or would avoid delay, confusion and prejudice. See Payne v. Tri-State Careflight, LLC, 327 F.R.D. 433, 449 (D.N.Mex. 2018). "Consolidation is a question of convenience and economy in judicial administration, and the court is given broad discretion to decide whether consolidation . . . would be desirable, and the district judge's decision inevitably is highly contextual." Id. at 450. "Consolidating an active

15

case with one in which Final Judgment has been entered is permissible, but rarely appropriate." Id. at 452. The context of this case suggests that plaintiff is attempting to avoid the strictures of his three-strikes status in federal court. The court sees no clear error in the Magistrate Judge's decision, no advantage to joinder or consolidation, and no grounds to grant plaintiff's motions for joinder.

Therefore, plaintiff's objection at Doc. No. 15 and the motions for joinder at Doc. Nos. 16 and 17 shall be denied.

VII. Motion for sanctions

At Doc. No. 9, plaintiff filed a motion for sanctions against defendant because, he alleges, certain matters in the state court file were not copied and transmitted to federal court when this action was removed. Plaintiff, however, has not alleged that he has suffered an injury because of any lapse or misrepresentation by defendant Board of County Commissioners or its counsel. Nor has plaintiff alleged facts showing any reckless or bad faith conduct by defendant or defense counsel. Therefore, the motion for sanctions shall be denied.

VIII. Discovery motions

In light of the above-stated holdings, the court shall grant defendant's motion for a stay of discovery (Doc. No. 25) and deny plaintiff's motion for discovery and request for

case management order (Doc. No. 13). The question of discovery may be raised again if and when plaintiff presents an amended complaint that plausibly states a claim for relief.

## IX. Remaining motions

In light of the court's finding that plaintiff's complaint fails to state a claim, that plaintiff's proposed amendments must be denied, and that plaintiff's motions for injunctive relief must be denied, the court shall also deny the following motions without prejudice because they are largely moot:

Doc. No. 19 – Motion for judgment on the pleadings;
Doc. No. 22 – Motion to compel response;
Doc. No. 36 – Motion for summons;
Doc. No. 37 – Motion to enjoin filing of further pleadings;
Doc. No. 39 – Motion for settlement conference;
Doc. No. 46 – Motion for summons in support of injunctive relief;
Doc. No. 55 – Motion to strike;
Doc. No. 75 – Motion to dismiss for failure to exhaust;
Doc. No. 92 – Motion to strike.

## X. Conclusion

The court has completed the statutorily mandated screening of plaintiff's petition/complaint. The court finds that the petition/complaint fails to state a claim and that plaintiff's efforts to amend the complaint at Doc. Nos. 27, 32, 33, 48, 57 and 72 must be denied. The motion to add a jury trial demand – Doc. No. 28 – is granted.

Defendants Douglas County Jail and WIBW 13 are dismissed. Plaintiff's motions for injunctive relief at Doc. Nos. 4, 12, 71, 52, 53, 54, and 90 are denied. Plaintiff's objection to the Magistrate Judge's order (Doc. No. 15) and plaintiff's motions for joinder at Doc. Nos. 16 and 17 are denied. Plaintiff's motion for sanctions at Doc. 9 is denied. Plaintiff's motion for discovery (Doc. No. 13) is denied and defendant's motion for stay of discovery (Doc. No. 25) is granted. The following motions are denied without prejudice: Doc. Nos. 19, 22, 36, 37, 39, 46, 55, 75, and 92.

Plaintiff is granted time until November 10, 2020 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies in the original petition/complaint. Plaintiff will not be permitted to proceed upon an amended complaint which concerns conduct unrelated to the subject of the original petition/complaint.

**IT IS SO ORDERED.**

Dated this 19th day of October 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge