IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

           Plaintiff,

vs.                                             Case No. 20-2363-SAC-JPO

BOARD OF COUNTY COMMISSIONERS
OF DOUGLAS COUNTY, KANSAS, et al.,

           Defendant.

## O R D E R

On December 14, 2020, the court issued an order granting defendants' motion to dismiss the amended complaint and denying plaintiff's motion to dismiss the amended complaint without prejudice. Doc. No. 116. This case is now before the court upon plaintiff's motion to alter or amend judgment. Doc. No. 121.

A motion to alter or amend under Fed.R.Civ.P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." Nelson v. City of Albuquerque, 921 F.3d 925, 929 (10th Cir. 2019). Grounds warranting Rule 59(e) relief include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are not meant for "revisit[ing] issues already addressed or advanc[ing] arguments that could have been raised in

1

prior briefing." Nelson, 921 F.3d at 929 (quoting Servants of Paraclete, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." Id. at 929.

In the order dismissing the amended complaint, the court found in part that plaintiff failed to state a plausible First Amendment violation in Count One of his amended complaint. The court held that plaintiff does not have a constitutional right to watch television while in jail or a constitutional right to a free newspaper. Doc. No. 116, p. 2, citing Doc. No. 98, pp. 4-5 and 14. The court also held that plaintiff was required to allege facts showing that limits upon local news access were not supported by legitimate penological interests. See Doc. No. 116, pp. 2-3. Plaintiff's motion to alter or amend does not address these holdings and the authorities cited by the court. Plaintiff suggests that the court has misapprehended the facts. He, however, does not allege facts or authorities which make a material difference to the court's rulings.

The remainder of plaintiff's arguments fail to demonstrate good grounds for altering or amending the judgment. Plaintiff makes a complaint about the jail's grievance procedures. He does not demonstrate, however, that this rises to a constitutional violation.

In summary, upon review, the court finds that plaintiff has failed to demonstrate grounds to alter or amend the court's ruling that he has failed to state a claim for relief.  For this reason, plaintiff's motion (Doc. No. 121) is denied and plaintiff's amended complaint remains dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 15th day of January 2021, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge